From Henry W. Storey, Jr., Johnstown, Pa.

## In re Wharton Title and Trust Company

LAMBERTON, J., July 13, 1933.—

### Findings of fact

1. Ercole Di Sante, as contractor, made certain alterations and repairs to premises 820-828 and 825-833 Hows Avenue, in the City of Norristown, between September 26, 1931, and October 6, 1931, under an agreement with duly authorized officers of Wharton Title and Trust Company, by the terms of which he was to be paid $400 therefor.

2. On October 2, 1931, $100 was paid on account by Wharton Title and Trust Company to Ercole Di Sante.

3. On October 6, 1931, William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania, took possession of the business and property of Wharton Title and Trust Company.

4. At said time, to wit, October 6, 1931, Wharton Title and Trust Company was indebted to Ercole Di Sante in the sum of $300 for alterations and repairs to the aforesaid premises.

5. Ercole Di Sante neither filed nor attempted to file a mechanic's lien against said premises, but duly presented his claim in the sum of $300 to the Secretary of Banking, claiming a preference therefor.

6. On October 7, 1932, the Secretary of Banking filed his first and partial account, in which Ercole Di Sante was listed as a general creditor.

7. Ercole Di Sante duly filed exceptions to said account, claiming that he was entitled to a preferred status.

## Discussion

The following points of law are raised:

1. Is the claim of Ercole Di Sante entitled to a general preferred status?

2. If not entitled to a general preferred status, is the claim of Ercole Di Sante entitled to preferred payment out of the proceeds of the sale of the premises on which the work was done?

The contention of the exceptant is that his right to file a mechanic's lien was taken away by section 36 of the Act of June 15, 1923, P. L. 809, as amended by section 16 of the Act of May 5, 1927, P. L. 762, but that he is none the less entitled to payment as if such lien had been filed. Said section, as amended, reads as follows: "No mechanic's lien shall attach, nor shall any other lien attach, to any of the property or assets of the corporation or person by reason of the entry of any judgment against such corporation or person after the secretary has taken possession of its or his property and business and filed a certificate in his office in the capitol at Harrisburg, as required by section twenty-two of this act, and so long as such possession continues.

"During such time no execution or attachment shall issue against such corporation or person, nor shall any pending execution or attachment be proceeded with except by special leave of the court."

Counsel for the exceptant argues that the intention of the legislature was not to deprive exceptant of his rights as theretofore existing, but merely to postpone any action on his part which was likely to be detrimental to the most advantageous liquidation of the estate.

Exceptant further contends that if the act should be interpreted to mean that the claimant is deprived of his preferred status as well as of his lien, it would be unconstitutional under article III, section 7, of the Constitution of Pennsylvania, which reads as follows: "The General Assembly shall not pass any local or special law: Authorizing the creation, extension or impairing of liens . . . or providing or changing methods for the collection of debts, or the enforcing of judgments, or prescribing the effect of judicial sales of real estate".

Even if exceptant were entirely right in his contention, there would be no basis for giving his claim a general preferred status. If it had not been for the Act of 1923, as amended by the Act of 1927, exceptant could have filed a mechanic's lien. This would have given him a lien on the real estate involved, the value of which would have depended largely upon the value of the real estate. If there were prior liens, the mechanic's lien might be wiped out by a judicial sale thereon, and exceptant might be reduced to the status of a general creditor. If the claim of exceptant were now given a general preferred status, exceptant would be paid in full, regardless of the value of the real estate, and would therefore be in a more advantageous position than if the acts in question had never been passed. It is not possible that the legislature in restricting his remedy intended to increase his rights.

In regard to the second point, namely, that exceptant is entitled to a preferential payment out of the proceeds of the sale of the properties on which the work was done, the position of exceptant is no better. We agree that it is the

duty of the courts where possible so to construe a statue that it shall be constitutional. However, this must be done by construction and not by distortion of the language used by the legislature. The act in question says "no mechanic's lien shall attach". It says nothing about any remedy or status to be given to the contractor in lieu of a mechanic's lien. For us to say that he is entitled to any special remedy or status would not be judicial construction but judicial legislation. At common law, the exceptant would be a general creditor only. He must look to statute law to give him a preference or a lien. He would be entitled to a lien under the Act of 1901, but his right thereto was specifically taken away by the Act of 1923, as amended by the Act of 1927. He is therefore, by virtue of the legislative act, back in his common-law status as a general creditor, unless that act be unconstitutional.

But we need not now determine whether or not section 36 of the Act of 1923, as amended, is constitutional. If we held it unconstitutional, it would not avail exceptant, for he would then be relegated to his remedy under the mechanic's lien law, and the time within which he could avail himself thereof has long since passed. If it is desired to test the constitutionality of section 36 of the Act of 1923, as amended, the way to do so is clear. A claimant could file a mechanic's lien in accordance with the Act of 1901, and the question could then be raised on a motion to strike off. If the prothonotary, because of section 36 of the Act of 1923, as amended, should refuse to receive such lien, the question could be raised by mandamus proceedings directed against the prothonotary to require him to receive and file the lien.

As a matter of fact, section 36 of the Act of 1923, as amended, if unconstitutional at all, would be unconstitutional under the construction for which exceptant argues. The rights for which he contends are very different from the rights which he would have under the mechanic's lien law. Under the latter, he would have a lien on the real estate, and the owner could not sell that real estate unless either the lien were paid or it was sold subject thereto. Under the construction contended for by exceptant, the Secretary of Banking could pass title to the real estate free of the mechanic's lien, and exceptant would be entitled to all of his claim, part of his claim, or nothing, depending on the price for which the real estate was sold. The difference between a normal construction and the strained construction contended for by exceptant is one of degree only. If constitutional under the strained construction, it is constitutional under the normal construction. If unconstitutional under the normal construction, it is unconstitutional under the strained construction. There is certainly no duty upon a court to adopt a strained and, in our opinion, an impossible construction under such circumstances.

### Conclusions of Law

1. The claim of Ercole Di Sante is not entitled to a preferred status against the general funds in the hands of the accountant.

2. The claim of Ercole Di Santi is not entitled to a preferred status in distribution of the funds derived from the sale of the real estate in question.

3. Ercole Di Santi is entitled to the status of a general creditor.

### Decree

And now, to wit, July 13, 1933, the exceptions of Ercole Di Santi are dismissed.